IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FROLLY MAURICE BALL,<br><br>Defendant. | Case No. CR13-2013<br><br>ORDER FOR PRETRIAL DETENTION |

On the 18th day of November, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, Rick Lee Sole.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 26, 2013, Defendant Frolly Maurice Ball was charged by Indictment (docket number 4) with drug conspiracy. At the arraignment on November 13, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 13, 2014.

At the hearing, Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. In May 2010, the Task Force was investigating the distribution of heroin in the Cedar Rapids area. The investigation led to a drug trafficking organization in the Waterloo area. On July 7, 2010, Furman, acting in an undercover capacity, purchased 30 grams of heroin from Lucious Simmons in a Waterloo suburb. Following the controlled buy, officers followed Simmons to a nearby trailer park. Simmons was later indicted in

federal court and is now cooperating with authorities. According to Simmons, he went to the trailer park on July 7 to pay his source, who he identified as Defendant. According to Simmons, Defendant was running a branch of his drug trafficking organization out of the trailer park with others, including co-defendants David Barksdale and Keith Thompson.

On September 10, 2010, Officer Furman, still acting in an undercover capacity, picked up Simmons from his home and drove him to the trailer park, where Furman ultimately purchased 15 grams of heroin. Defendant was seen at the trailer park at that time. When Simmons went into a trailer and did not come out for an unusually long period of time, Furman attempted to call him, but was unsuccessful. Simmons later explained that the delay was caused when Defendant made Simmons partially disrobe and took the battery out of his cell phone in order to ensure that Simmons was not recording the transaction.

On November 12, 2010, Defendant was returning to Iowa from Illinois, when he was stopped by the Illinois State Police. Authorities seized approximately 900 grams of cocaine from Defendant's vehicle. Defendant admitted that he had been involved in approximately ten past deliveries of cocaine from Illinois to Iowa, and agreed to cooperate. According to Officer Furman, however, Defendant "fell out of contact" with authorities and the cooperation did not occur.

Authorities obtained additional evidence relating to Defendant's involvement in a drug conspiracy by using a Title III wiretap on Defendant's phone. According to Furman, most of the calls were to David Barksdale and Keith Thompson, and involved the sale of drugs. Furman opined that Defendant was "clearly the leader" of the drug conspiracy. Furman estimated that the amount of heroin sold by Defendant was "well over a kilo."

Prior to Defendant's indictment in June 2013, he relocated from Waterloo to Mississippi. United States Deputy Marshal Christopher Siemens testified regarding the circumstances surrounding Defendant's recent arrest in Mississippi. Deputy marshals in

Mississippi obtained information that Defendant may be residing at a particular residence. When deputies proceeded to the location to conduct a "knock and talk," they spotted a "shoe hanging out of a bush" in the backyard, which was Defendant's attempt to evade apprehension.

According to the pretrial services report, Defendant is 37 years old. He was born in Mississippi and lived there most of his life, although he lived in Iowa for approximately four years. Following his arrest in Mississippi, he told the pretrial services officer that he resided at an apartment complex in Jackson, Mississippi. He could not provide a street address, however, and the pretrial services officer was unable to locate a listing for that apartment complex in Jackson. Defendant reported that he has been self employed as a "scrapper" for the past three months. Defendant admitted that he has used marijuana since age 18, and last used two weeks prior to his arrest. Defendant has only a minor prior criminal record, consisting primarily of traffic offenses.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with drug conspiracy. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(c).

Regarding the second step, there is a rebuttable presumption that Defendant should be detained. Defendant is charged with conspiracy to distribute substantial amounts of

heroin, cocaine, and crack cocaine. The evidence against Defendant is strong. In 2010, Defendant was stopped in a vehicle containing approximately 900 grams of cocaine, and he admitted at that time that he had transported cocaine from Illinois to Iowa on approximately ten occasions. Wiretaps of Defendant's phone include calls where Defendant allegedly arranged drug transactions with co-defendants David Barksdale and Keith Thompson. Other cooperating witnesses, including Lucious Simmons, will testify that Defendant was the source of controlled substances in the Waterloo area.

Defendant does not have a stable residence, does not have stable employment, and is an active drug user. If convicted on Count 1 as charged, Defendant faces a mandatory minimum of 10 years in prison. When deputy marshals appeared at his residence in Mississippi, Defendant attempted to evade arrest. Based on the rebuttable presumption and all of the other facts and circumstances set forth above, the Court concludes that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 13, 2013) to the filing of this Ruling (November 18, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 18th day of November, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA