# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. FROLLY MAURICE BALL, Defendant. | No. 13-CR-2013-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Frolly Maurice Ball's "Motion to Withdraw Guilty Plea" ("Motion") (docket no. 137).

## *II. RELEVANT PROCEDURAL HISTORY*

On June 26, 2013, a grand jury returned an Indictment (docket no. 4) charging Defendant with knowingly and intentionally conspiring to distribute and possess with intent to distribute at least one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, at least 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance. On November 13, 2013, the court appointed attorney Rick Sole to represent Defendant. November 13, 2013 Order (docket no. 21). On December 5, 2013, the government filed a Joint Motion to Continue Trial (docket no. 30), and on December 9, 2013, the court continued the trial to June 9, 2014. December 9, 2013 Order (docket no. 31). On March 26, 2014, Rick Sole filed a Motion for Substitution of Counsel and Motion to Withdraw (docket no. 50), and on March 28, 2014, the court granted the motion and appointed attorney Murray Bell to represent Defendant. March 28, 2014 Order (docket no. 53).

On April 21, 2014, Murray Bell filed a Motion to Suppress (docket no. 55) on behalf of Defendant. On April 21, 2014, Murray Bell filed a Motion to Continue the Suppression Hearing (docket no. 57) on Defendant's behalf, and on April 22, 2014, the court granted the motion. April 22, 2014 Order (docket no. 58). On April 28, 2014, Murray Bell filed a Motion to Extend Deadline for Acceptance of Responsibility (docket no. 62) on Defendant's behalf, and on April 29, 2014, the court denied the motion. April 29, 2014 Order (docket no. 64).

On May 1, 2014, Murray Bell filed a Notice of Intent to Plead Guilty (docket no. 65). On May 8, 2014, the court held a change of plea hearing at which Defendant did not plead guilty. *See* May 8, 2014 Minute Entry (docket no. 85). On May 9, 2014, the court held another change of plea hearing, at which Defendant did not plead guilty. *See* May 9, 2014 Minute Entry (docket no. 86). On that same date, the court held another change of plea hearing, at which Defendant did not plead guilty. *See* May 9, 2014 Minute Entry (docket no. 90). On June 2, 2014, the court held another change of plea hearing, at which Defendant did not plead guilty. *See* June 2, 2014 Minute Entry (docket no. 121). On June 3, 2014, the court held a hearing on Defendant's Motion to Suppress. *See* June 3, 2014 Minute Entry (docket no. 122). On that same date, the court held a change of plea hearing, at which Defendant pled guilty. *See* June 3, 2014 Minute Entry (docket no. 124). On July 16, 2014, Defendant filed the Motion. On July 23, 2014, the government filed a Resistance (docket no. 145). On July 30, 2014, Murray Bell filed a Motion to Withdraw (docket no. 153). On July 31, 2014, the court granted the Motion to Withdraw and appointed F. Montgomery Brown to represent Defendant. July 31, 2014 Order (docket no. 155). On August 13, 2014, the court held a hearing on the Motion. *See* August 13, 2014 Minute Entry (docket no. 158). The Motion is fully submitted and ready for decision.

## III. ANALYSIS

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw his or her guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[T]he defendant has the burden to show fair and just grounds for withdrawal." *United States v. Haubrich*, 744 F.3d 554, 557 (8th Cir. 2014). Ineffective assistance of counsel "can be a fair and just reason for withdrawal if the defendant can demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defendant." *Id.* In addition to "considering whether there is a just reason for withdrawal, the . . . court 'may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion.'" *United States v. Osei*, 679 F.3d 742, 746 (8th Cir. 2014) (quoting *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Buck*, 661 F.3d 364, 371 (8th Cir. 2011) (quoting *United States v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010)) (internal quotation marks omitted).

Defendant argues that he should be permitted to withdraw his guilty plea because he wanted the court's ruling on his suppression motion before pleading guilty and because he felt coerced and pressured to plead guilty by Murray Bell and the government. At the hearing on the Motion, F. Montgomery Brown argued that Murray Bell unduly pressured Defendant to plead guilty by repeatedly telling Defendant that he thought Defendant would be convicted if he went to trial and that Defendant was better off pleading guilty than going to trial.

Defendant has failed to meet his burden of establishing a fair and just reason for withdrawing his guilty plea because his claim that he was pressured into pleading guilty

3

is belied by the record. At the change of plea hearing, the court asked whether anyone forced or pressured Defendant to plead guilty, and Defendant answered that no one forced or pressured him to plead guilty. Change of Plea Hearing Transcript (docket no. 143) at 49. Defendant stated that nobody made promises to him to get him to plead guilty. *Id.* at 50. Defendant also represented to the court that he had as much time as he wanted to talk with his attorney about the case and the charge against him. *Id.* at 18. Defendant represented to the court that he was satisfied with Murray Bell's representation. *Id.* at 29. Moreover, when asked if he was pleading guilty because he was guilty or because of his dissatisfaction with Murray Bell's representation, Defendant stated that he was pleading guilty because he was in fact guilty. *Id.* at 30. Later in the hearing, Defendant reaffirmed that he was pleading guilty because he was in fact guilty. *Id.* at 53. With regard to the voluntariness of Defendant's decision to plead guilty, the court informed Defendant that:

> It is appropriate for a defendant to take into consideration the advice of their lawyer on whether it's in their best interest to plead guilty or to go to trial, but in the end, you have to make your own decision. You have to weigh what your lawyer told you, you have to think about it yourself, and you have to come to the decision. Because in the end, you are the one who is going to suffer the consequences. Not your attorney. So did you reach this decision as your own voluntary decision?

*Id.* at 52. Defendant answered that the decision to plead guilty was his own voluntary decision. *Id.* Near the end of the hearing, the court instructed Defendant that "if you plead guilty, it's final[.] . . . You can't contact me five minutes from now or ten hours from now and try to withdraw your plea of guilty. This is it." *Id.* at 53. Defendant stated that he understood the finality of his guilty plea. *Id.*

To the extent that Defendant contends he should be permitted to withdraw his guilty plea because Murray Bell provided ineffective counsel, the court disagrees. Ineffective counsel "can be a fair and just reason for withdrawal if the defendant can demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defendant."

4

*Haubrich*, 744 F.3d at 557. However, when a defendant fails "to assert any objections to counsel's performance at his change of plea hearing[, it] refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea." *Id.* (quoting *United States v. Hughes*, 16 F.3d 949, 951 (8th Cir. 1994)) (internal quotation marks omitted). Here, Defendant represented to the court that he was satisfied with Murray Bell's representation. *See* Change of Plea Hearing Transcript at 29. Because Defendant did not object to Murray Bell's performance at the change of plea hearing—indeed, he stated that he was satisfied with Murray Bell's representation—any claim by Defendant that Murray Bell was ineffective is refuted. Moreover, at the evidentiary hearing, Murray Bell credibly testified that he enjoys trial, but felt that it was his obligation to inform Defendant that he was unlikely to succeed at trial and, therefore, it would be in Defendant's best interest to plead guilty. Defendant has not even argued that Murray Bell's advice was inconsistent with the facts of Defendant's case. That Murray Bell gave such advice in the absence of a direct question from Defendant does not render the advice ineffective; rather, an attorney not giving his advice when the facts warrant it would likely amount to ineffective assistance of counsel. That Defendant felt pressured to decide whether to go to trial is undeniable. However, this pressure did not stem from Murray Bell. Rather, this is the pressure that every criminal defendant most likely feels when facing the decision to plead guilty or take the case to trial.

Finally, to the extent that Defendant argues that he should be permitted to withdraw his guilty plea because he wanted the court's ruling on his suppression motion before pleading guilty, the court finds this argument to be without merit. The order in which the court addresses issues is not a proper basis on which to withdraw a guilty plea. Moreover, at the hearing on the motion to suppress, the court strongly indicated how it was going to rule on the suppression motion in a written order to follow. Further, Defendant entered into a conditional plea of guilty, which allowed him to withdraw his guilty plea in the event

5

that the court suppressed certain evidence.  Accordingly, Defendant's desire to have the court's ruling on his suppression motion before entering his plea of guilty is not a fair and just reason, and the court shall deny the Motion.

### *IV.  CONCLUSION*

In light of the foregoing, Defendant Frolly Maurice Ball's "Motion to Withdraw Guilty Plea" (docket no. 137) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 21st day of August, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA